### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:20-cr-00389 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| LAWRENCE WALKER | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

A jury convicted Lawrence Walker of violating 21 U.S.C. § 841(a)(1) for the delivery of a controlled substance. This Court sentenced Walker to 21 months imprisonment followed by three years of supervised release. Walker has now filed a motion requesting the Court to modify or reduce his sentence [176]. For the reasons set forth below, the Court denies Walker's motion.

## BACKGROUND

Walker was charged on July 24, 2020 by criminal complaint for knowingly and intentionally distributing cocaine base (also known as crack cocaine) to his associate in 2019, who distributed it to whom they discovered to be an informant for the Federal Bureau of Investigation. *See* (Dkt. 1). A grand jury returned an indictment charging Walker with distribution of 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Dkt. 14). Walker went to trial and, on February 15, 2024, a jury found him guilty of the charged offense. (Dkt. 136).

The guideline range for Walker's offense (before departures or variances), based on the base offense level and his criminal history category, was 63 to 78 months. (Dkt. 175) at Section III. Because there is disparity in how the Sentencing Guidelines treat distribution of powder cocaine and cocaine base—with cocaine base resulting in a much greater offense level—the Government and Probation advocated for a guideline range using powder cocaine quantities. (Dkt. 155) at *3; (Dkt 156) at *4.

The Court used the lowered advisory sentence range for powder cocaine: 21 to 27 months imprisonment. *See* (Dkt. 175) at Section VI(C).

On August 22, 2025, this Court sentenced Walker to a total term of 21 months imprisonment followed by three years of supervised release. (Dkt. 174). The sentence reflected a significant variance from the guideline range based on the powder-to-cocaine base disparity, as well as Walker's family and community ties and his status as a nonviolent offender. (Dkt. 175).

**LEGAL STANDARD**

A federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule gives a court power to modify an imposed term of imprisonment if "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The court may modify a sentence on those grounds either upon a motion of the Director of the Bureau of Prisons, or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Accordingly, if the Director of the Bureau of Prisons does not bring the motion, a defendant must first exhaust available administrative remedies before filing such a motion.

If a defendant satisfies the exhaustion requirement, the court evaluates whether the stated reasons for the reduction are in fact extraordinary and compelling. Courts have relied on the Sentencing Commission's guidance in interpreting "extraordinary and compelling" as outlined in the statute's corresponding policy statement, U.S.S.G. § 1B1.13. The Sentencing Commission enumerated four specific circumstances exemplifying the "extraordinary and compelling" standard: (1) serious medical conditions of the defendant; (2) deteriorating health of an aging defendant; (3) exigent family circumstances; and (4) sexual or physical abuse while in custody. § 1B1.13(b)(1)–(4). There is also a

2

catch-all in § 1B1.13(b)(5), instructing that "any other circumstance or combination of circumstances that, when considered by themselves or together with any of [the enumerated reasons] are similar in gravity" to the reasons described may also qualify as extraordinary and compelling.

## DISCUSSION

### I. **Exhaustion of Administrative Remedies**

The exhaustion requirement in § 3582(c)(1)(A) is not a jurisdictional prerequisite for a court to hear a motion to modify a sentence. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). Rather, it is a mandatory claim-processing rule. *United States v. Williams*, 829 F. App'x 138, 140 (7th Cir. 2020). Mandatory claim-processing rules must be enforced if "properly invoked" by a party, but they may be waived or forfeited. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20, 138 S. Ct. 13, 17, 199 L. Ed. 2d 249 (2017); *see also Eberhart v. United States,* 546 U.S. 12, 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (*per curiam*) ("[C]laim-processing rules … [ensure] relief to a party properly raising them, but do not compel the same result if the party forfeits them.").

Neither party here addressed the exhaustion requirement. There is no evidence on the record showing that Walker exhausted his administrative remedies, nor does he claim to have done so in his motion. Likewise, the Government did not raise the affirmative defense of exhaustion in its response. The Government simply reiterated the arguments it presented in opposition to Walker's continued release pending sentencing; the Government actually filed the same response brief they filed in April 2024 opposing that motion. *See* (Dkt. 144, 178).[1] As there is no mention of the exhaustion issue in the Government's opposition—which is unsurprising given that it made no effort to devise a response to the instant motion—the Government waived the affirmative defense.

---

[1] Walker pointed out in his reply that the Government's response restated its response from its opposition to his continued release, *see* (Dkt. 179) at *1, but the Government did not seek leave to file a corrected response brief or otherwise explain its repetitive filing.

II.     **Extraordinary and Compelling Reason**

Notwithstanding the Government's waiving its exhaustion argument, the Court finds that Walker's circumstances are not "extraordinary and compelling" reasons to modify or reduce his sentence of 21 months imprisonment (which already represents a significant departure from the guideline range). Walker describes several factors to justify his request for a sentence modification: his family circumstances, employment, community involvement, and potential prison conditions. The Court will address each in turn.

### A. Family Circumstances

Family circumstances of a defendant may be considered "extraordinary and compelling" where the defendant's imprisonment would leave an immediate family member (or an individual akin to immediate family) with no other available caretaker. § 1B1.13(b)(3). Walker reported in his sentencing memorandum that he has two minor children, both of whom reside with their mother, as well as an adult son who is employed as an engineer and lives on his own. (Dkt. 157) at *1; (Dkt. 157-2). He has a "significant amount of family support" from his immediate and extended family. (Dkt. 157) at *1, 5. He does not claim that any member of his family has become incapacitated, nor that he is the only available caretaker for his minor children or for any other family. Without such an exigency, Mr. Walker's family circumstances do not constitute an "extraordinary and compelling" reason.

### B. Employment

A defendant's employment situation is not one of the enumerated "extraordinary and compelling" reasons in the Sentencing Commission's guidance, but could still qualify if the circumstances are "similar in gravity." § 1B1.13(b)(5). Walker reports he is employed as a carpenter, and owns and manages several properties housing section 8 tenants. (Dkt. 176) ¶¶ 7–8. He maintains that a sentence of incarceration would have "a significantly negative impact on his tenants, as he would not be able to effectively manage the properties." *Id.* ¶ 14. While Walker's sentence certainly poses a

4

difficulty to his ability to manage his properties, those consequences do not match the gravity of a life-threatening illness or the danger of abandoning an incapacitated family member. Neither by itself, nor in combination with other circumstances, does the effect of Walker's imprisonment on his employment qualify as an extraordinary and compelling reason.

### C. Community Involvement

Walker states he is an active member of his community and participant Mothers Against Street Shooting ("M.A.S.S."). Community activism is also not one of the exemplary reasons listed in the Sentencing Commission's guidance which, as explained, concern severe and urgent matters. Walker's efforts to improve his community and his participation in M.A.S.S. are commendable, but not comparable to such matters. His community involvement is not an extraordinary and compelling reason to modify his sentence.

### D. Conditions

Next Walker argues that the environment at FCI Thomson, the federal correctional institution to which he is to report, renders a term of imprisonment "inappropriate" for him. (Dkt. 179) at *2–3. He describes the possibilities of sexual assault, exposure to illegal drugs, and inability to receive drug treatment as conditions that would pose great hardship. *Id.* While the Court recognizes that these are significant issues affecting many incarcerated individuals, potential prison conditions are not an extraordinary and compelling reason to modify Walker's sentence.

Revisiting the Sentencing Commission's guidance, § 1B1.13(b)(4) provides that sexual and physical abuse, as defined therein, constitute extraordinary and compelling reasons where such abuse occurred "while in custody serving the term of imprisonment sought to be reduced." The provision contemplates the occurrence of specific instances of abusive misconduct against a defendant. *See* § 1B1.13(b)(4). Walker has yet to report to FCI Thomson, claiming that the *possibility* of violence is enough to rise to the level of "extraordinary and compelling." But hypothetical scenarios are not

5

"similar in gravity" to the actual occurrence—especially in light of the guidance in § 1B1.13(b)(4), which requires harm to a defendant resulting from misconduct. This also goes for the hypothetical exposure to other adverse conditions at FCI Thomson that Walker describes. Without showing definite individualized harm, the possibility that prison conditions impacting inmates generally would also impact Walker is not an extraordinary and compelling reason. *See United States v. Fuentes*, No. 16 CR 00463-19, 2025 WL 2229687, at *5 (N.D. Ill. Aug. 5, 2025) (Kendall, C.J.) (general complaints about prison conditions or nonspecific misconduct by prison staff, "without individualized evidence of serious hardship," do not rise to the level of extraordinary and compelling).

Moreover, a motion to modify a sentence of imprisonment is not an appropriate vehicle for challenging the conditions of confinement. A suit under the Eighth Amendment is the proper way to seek remedy for harmful prison conditions. *United States v. Hanson*, No. 23-3088, 2024 WL 5134348, at *1 (7th Cir. Dec. 17, 2024).

III. **Fed. R. Crim. P. 35(a)**

Finally, Walker requests this Court to reconsider its sentence because he believes the Court considered "erroneous information." (Dkt. 176) ¶ 2. He relies on Rule 35 of the Federal Rules of Criminal Procedure, which allows a court "[w]ithin 14 days after sentencing" to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The scope of Rule 35(a) is limited to "cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court." Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment; *see also, e.g.*, *United States v. Clark*, 538 F.3d 803 (7th Cir. 2008) (affirming district court's correction under Rule 35(a) to reflect statutory mandatory minimum sentence). It does not give a district court the chance to reconsider the discretionary application of the sentencing guidelines. *Clark*, 538 F.3d at 809.

Walker disputes the Court's "issues … with Walker's statement of allocution and his failure to sufficiently articulate a lack of remorse" and its understanding of "his financial position in light of the assets he has accumulated." (Dkt. 176) ¶¶ 3, 6. These are substantive factors which the Court considered in exercising its discretion, not an "arithmetical, technical, or other clear error" contemplated by Rule 35(a). This too fails as a basis for modifying Walker's sentence.

**CONCLUSION**

For the foregoing reasons, the Court denies Walker's motion to modify or reduce his sentence [176].

**IT IS SO ORDERED.**

Date: 12/8/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge